UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOSEPH GODDARD,<br><br>Plaintiff,<br><br>v.<br><br>NEUTRINOLABS, LLC, et al.,<br><br>Defendants. | Case No.  26-cv-01043-AMO<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS & SCREENING COMPLAINT**<br><br>Re: Dkt. No. 2 |

Self-represented Plaintiff Thomas Joseph Goddard filed a Complaint ("Compl.") and an application for leave to proceed in forma pauperis ("IFP").  Dkt. Nos. 1 & 2.  Having considered Goddard's papers, the Court **GRANTS** Plaintiff's IFP application based on the lack of financial resources documented in the affidavit accompanying the application.

The IFP statute further requires the Court to screen Goddard's Complaint and dismiss the case if, among other things, the Complaint is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  Based on the discussion below, the Court finds Goddard's Complaint fails to state a claim on which relief may be granted and the Complaint is also frivolous.  The Court therefore **DISMISSES** the Complaint with leave to amend.

## I.    BACKGROUND

Goddard brings this action against Defendants Neutrinolabs, LLC, Jay Sorg, Vic Lee, and Dario Amodei.  Compl. (Dkt. No. 1) ¶¶ 9-12.  Goddard alleges that he co-founded Neutrinolabs in 2008 and he has since been excluded from the entity's operations and profits.  *Id.* ¶¶ 14-15. Goddard asserts that Defendants "executed a coordinated attack on [his] digital assets" on August 2, 2009.  *Id.* ¶ 17.  The attack included theft of his digital assets, including source code and billions of dollars' worth of Bitcoin tokens.  *Id.*  Goddard further contends that Defendants Sorg

United States District Court
Northern District of California

and Lee have engaged in a pattern of technical sabotage interfering with his work in the 17 years since 2009, leading to suspension of his online accounts and compromise of a virtual machine in January 2026. *Id.* ¶¶ 19-21.

Based on these allegations, Goddard advances the following causes of action against all Defendants:

- (1) Violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836;
- (2) Violation of Computer Fraud & Abuse Act ("CFAA"), 18 U.S.C. § 1030;
- (3) Breach of fiduciary duty;
- (4) Conversion;
- (5) Unjust enrichment;
- (6) Violation of 42 U.S.C. § 1981 (equal rights under the law); and
- (7) Violation of 42 U.S.C § 1985(3) (conspiracy to interfere with civil rights).

## II.    DISCUSSION

### A.    Legal Standard

IFP applications are governed by Title 28 U.S.C. § 1915, which provides in relevant part that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a). When a district court grants IFP status, the court must screen the complaint and dismiss the action if it is frivolous. *See id.* § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000). If the complaint survives the initial screening, the court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

The IFP statute accords district judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "Examples of the latter class are claims describing fantastic or delusional

scenarios, claims with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328; *see also Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). A complaint that does not state enough facts to state a claim to relief that is plausible on its face is deficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, a court may dismiss a claim as frivolous based on the statute of limitations where it is obvious from the face of the complaint that the claim is time-barred. *See Belanus v. Clark*, 796 F.3d 1021, 1025-27 (9th Cir. 2015) (affirming dismissal of case at screening stage based on statute of limitations); *Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (stating that an action may be dismissed at screening "where the defense is complete and obvious from the face of the pleadings"). Because Goddard is self-represented, the Court liberally construes the Complaint and resolves all doubts in his favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").

### B.     Analysis

Here, it is obvious from the face of the Complaint that Goddard's claims are all time-barred. DTSA imposes a three-year limitations period. 18 U.S.C. § 1836(d). The statute of limitations for violation of the CFAA runs two years from "the date of the act complained of or the date of the discovery of the damage." 18 U.S.C. § 1030(g). "The statute of limitations for breach of fiduciary duty is three years or four years, depending on whether the breach is fraudulent or non-fraudulent." *American Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1479 (2014). The statute of limitations period for claims of conversion or unjust enrichment is three years. *See* Cal. Code Civ. Proc. § 338(c)(1) (a claim must be brought within three years in an "action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property"). The statute of limitations period for a claim under Title 42 U.S.C. § 1981 is four years. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048, n.2 (9th Cir. 2008). Claims under Title 42 U.S.C. § 1985(3) are subject to the state statute of limitations for personal injury claims which, in California, is two years. *Woods v. Storms*, 793 F.

App'x 542, 544 (9th Cir. 2020) (citing *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993)); *see also* Cal. Code Civ. Proc. § 335.1.

Goddard complains of a coordinated theft of several digital assets on April 2, 2009. *See* Compl. ¶¶ 17-18. Goddard alleges that he has been excluded from those assets since the theft, *see* Compl. ¶ 39, and he does not allege that he somehow only recently discovered the theft or that the limitations period should be tolled. Accordingly, Goddard's claims, all of which rest on 2009 conduct but have limitations periods of no more than four years, all fail as time-barred.

Beyond being time-barred, Goddard's allegations in this case "rise to the level of the irrational or the wholly incredible," and so come within the definition of frivolous under Section 1915. *Denton*, 504 U.S. at 33. For example, Goddard alleges, "The pattern of coordinated theft targeting Plaintiff's intellectual property is consistent with the broader antisemitic discrimination campaign documented across 629 discrimination events spanning 93.09 years (1933-2026) with chi-squared value $x^2 = 12,847.3$ and statistical certainty $p < 10^{-2794}$, demonstrating a 213.4x acceleration factor post October 7, 2023 (461 incidents over 2.30 years versus 74 incidents over 91.22 years prior)." Compl. ¶ 4. These and other allegations are unsupported and appear based entirely on speculation and on information and belief. Goddard's confusing pleading focuses so much attention on explaining concepts such as "omnidiscrimination," "antisemitech," "inversion," and "psychiatrification," *see* Compl. ¶ 6, that it fails to plausibly describe factual contentions establishing that each of the Defendants is liable to Goddard for a legally cognizable injury. The Complaint accordingly fails as frivolous in addition to its failure to demonstrate any plausible grounds for relief.

## III. CONCLUSION

For the foregoing reasons, the Court **ORDERS**:

- The IFP application is GRANTED.

- The Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff shall re-file an amended complaint within 30 days from the date of this order. No new parties or claims may be added absent leave of Court.

- The case management conference set for May 7, 2026, is VACATED.

United States District Court
Northern District of California

United States District Court
Northern District of California

- Plaintiff has filed various discovery motions, requests for extensions, and requests for exemptions from PACER fees. *See* Dkt. Nos. 4, 7, 8, 10, 12, 14. The Court TERMINATES all these motions as premature and without prejudice to re-filing if the Court determines that Plaintiff's amended complaint states a non-frivolous legal claim for which the Court may exercise subject matter jurisdiction.

The Court directs Plaintiff's attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiff may also contact the Legal Help Center via telephone: (415)-782-8982, or email: fedpro@sfbar.org for free assistance regarding his claims.

**IT IS SO ORDERED.**

Dated: April 29, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

5